IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30102

Summary Calendar
_____


CHERYL A DUPRE

                          Plaintiff - Appellant

v.

LIFECARE HOSPITALS OF NEW ORLEANS,
LLC; AMERICAN NURSING SERVICES INC;
PATRICIA K SCHEERLE, RN, PRESIDENT

                          Defendants - Appellees


_____

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
(99-CV-3702-B)
_____
July 5, 2001
Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant Cheryl A. Dupre brought suit against

LifeCare Hospitals of New Orleans, L.L.C. ("LifeCare"), American

Nursing Services, Inc. ("ANS") and Patricia K. Scheerle alleging

that they discriminated against her because of her race in

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Dupre also asserted a state law claim of defamation. After substantial discovery, the district court concluded that Dupre had failed to bring forward legally adequate evidence to survive the defendants-appellees' motions for summary judgment and dismissed all of Dupre's claims.

On appeal, Dupre argues that the district court improperly disregarded her unsworn handwritten documents offered in opposition to the summary judgment motions and argues further that the district court erred in granting the motions. Although the district court did conclude correctly that the documents that Dupre offered were not in the proper form, the court nevertheless went on to consider the allegations made by Dupre and concluded that they were insufficient to raise a genuine issue of material fact for trial.

Dupre clearly feels that she was the victim of discrimination and defamation. But the causes of action that she asserts have technical requirements that she must fulfill in order to establish liability on the part of the defendants-appellees. We agree with the district court that, on the evidence that Dupre presented to the district court (and putting aside problems of form), LifeCare was not Dupre's employer and therefore cannot be liable under Title VII. The same is true of Scheerle, who is a supervisor and not an employer under Title VII. Finally, with respect to ANS, Title VII requires that Dupre have suffered an adverse employment action

which has, as the district court put it, some degree of finality of consequence associated with it, such as being fired.  The fact that LifeCare (one customer of ANS) labeled  Dupre as "DNR" (do not return) did not amount to an involuntary termination of her employment with ANS or to a demotion.  She received several more assignments from ANS and she subsequently resigned her employment.

We have reviewed Dupre's arguments as best we can discern them, and we have concluded that the district court did not err in granting summary judgment for the defendants-appellees.  The district court's Order and Reasons entered December 13, 2000 correctly disposes of Dupre's case.

AFFIRMED.